IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONNIE COOPER                                                    PLAINTIFF

v.                              No. 3:13-cv-187-DPM

GENERAL AMERICAN LIFE
INSURANCE COMPANY                                                DEFENDANT

ORDER

This case is about a lost treasury warrant, an annuity, and the Arkansas statutes covering insurance disputes. Donnie Cooper is a retired public school teacher. Great American is a life insurance company that, among other things, manages retirement accounts, including one for Cooper. In the summer of 2012, Cooper bought a Great American annuity for approximately $145,000.00 with money he had with the Arkansas Teacher Retirement System. The State Auditor sent General American a treasury warrant, which the company received. The warrant was an order to pay, the functional equivalent of a check. All was well for approximately nine months: Cooper got statements showing that his annuity was funded and earning interest. Then the Auditor notified General American that the State's warrant had never cleared. General American figured out that it had lost it. The company

then reversed the transaction on its books. Cooper, in turn, discovered that his annuity, plus interest, had evaporated. General American eventually fixed things—it got a replacement warrant from the State Auditor and credited Cooper's account for all the principal and all the interest he should have earned between the summer of 2012 and the summer of 2013.

But for about six weeks, Cooper was put out by all this, and understandably so. He made many calls and inquiries. He was trying to buy a home; and the annuity problem hindered his ability to lock in an interest rate. He hired a lawyer, who likewise contacted Great American. By that time, Great American had already sent a request to the Arkansas Retirement Teacher System for a replacement warrant. And Cooper filed this case—seeking complete restoration of his annuity, reasonable attorney's fees, and the statutory penalty. ARK. CODE ANN. §§ 23-79-208 & 209. Two days later General American got the new warrant and fixed the problem. So the case is down—on these undisputed facts and cross motions for summary judgment—to whether Cooper is entitled to the 12% penalty or an attorney's fee under the Arkansas statutes.

The penalty statute, ARK. CODE ANN. § 23-79-208, doesn't apply. The

Court agrees with Great American that this dispute is simply not about coverage or benefits. *E.g., Southern Farm Bureau Casualty Insurance Co. v. Watkins*, 2011 Ark. App. 388, *6, 386 S.W.3d 6, 10 (2011); *Running M Farms, Inc. v. Farm Bureau Mutual Insurance Co. of Arkansas*, 371 Ark. 308, 312, 265 S.W.3d 740, 743 (2007). It's true, as Cooper argues hard, that in a sense he "lost" his annuity for about six weeks. But this does not seem to be the kind of loss contemplated by the statute. Cooper may have had a bailment claim, or one for conversion or even breach of the annuity contract based on General American's loss of the first warrant and charge back. None of these claims, though, are pleaded. And they wouldn't support the 12% penalty anyway.

Because there will be no declaratory judgment on the merits against Great American, the Court can't assess attorney's fees under ARK. CODE ANN. § 23-79-209 either. *Newcourt Financial, Inc. v. Canal Insurance Co.*, 341 Ark. 181, 186, 15 S.W.3d 328, 331 (2000).

Cooper's belated argument on reply for a discretionary fee award for a prevailing party under the general contract-dispute statute, ARK. CODE ANN. § 16-22-308, has some traction: General American made the mistake, dragged its feet in getting a replacement warrant, and put Cooper to the trouble of

hiring a lawyer. Putting to one side whether Cooper has prevailed within the meaning of the statute, he did not claim breach or plead ARK. CODE ANN. § 16-22-308. So the Court is unable to exercise its discretion on fees for a breach claim.

\* \* \*

General American' motion, № 9, is granted. Cooper's cross motion, № 14, is denied. The case will be dismissed with prejudice.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 February 2015